UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN M. SALAZAR, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br><br>GEORGIA-PACIFIC CORRUGATED LLC,<br><br>Defendant. | No. 1:23-cv-01020-SKO<br><br>ORDER GRANTING IN PART DEFENDANT'S MOTION TO STAY<br><br>(Doc. 7) |

Before the Court is Defendant Georgia-Pacific Corrugated LLC ("Defendant")'s motion to stay, filed on August 11, 2023. (Doc. 7.) Plaintiff Steven M. Salazar ("Plaintiff") filed an opposition on August 25, 2023, and Defendant replied on September 5, 2023. (Docs. 8, 9.) The Court deemed Defendant's motion to stay suitable for decision without oral argument pursuant to Local Rule 230(g). The hearing set for September 20, 2023, was therefore vacated. (Doc. 10.)

For the reasons set forth below, the Court GRANTS IN PART Defendant's motion to stay.

**I.     BACKGROUND**

Plaintiff initiated this class action lawsuit in Madera County Superior Court. (Doc. 1-1.) The complaint alleges one claim of unfair business practices in violation of the California Business

1

and Professions Code and six violations of the California Labor Code.  (*See id*. at 3–33.)  On July 7, 2023, Defendant removed the case to federal court, invoking jurisdiction under the Class Action Fairness Act (CAFA).  (Doc. 1.)

On August 11, 2023, Defendant filed the instant motion to stay, seeking to stay this action based on the first-to-file rule.  (Doc. 7.)  Defendant contends this matter should be stayed pending the outcome of four earlier-filed cases pending against it: (1) *Diaz v. Georgia-Pacific Corrugated LLC*, pending in Alameda County Superior Court, No. HG21092866 (the "*Diaz* PAGA Action"); (2) *Diaz v. Georgia-Pacific Corrugated LLC*, pending in the Central District of California, No. 2:21-cv-02151-DMG (AFMx) (the "*Diaz* Class Action"); (3) *McElroy v. Georgia-Pacific Corrugated LLC*, pending in the Central District of California, No. 2:22-cv-09159-DMG (AFMx) (the "*McElroy* Class Action"); and (4) *McElroy v. Georgia-Pacific Corrugated LLC*, pending in Alameda County Superior Court, No. 23CV034158 (the "*McElroy* PAGA Action").[1]  (*Id*.)  Defendant explains that the prior cases involve the same Defendant, identically defined groups of employees that the respective plaintiffs seek to represent, and overlapping time periods.  (Doc. 7-1.)  Accordingly, Defendant asserts that the matter should be stayed so that additional resources are not expended litigating this action, which presents substantially the same issues.  (*Id*.)

Plaintiff opposes Defendant's motion to stay, contending that the instant case and the prior cases are not substantially similar.  (Doc. 8.)  In its reply brief, Defendant acknowledges that all the relevant claims in the *Diaz* Class Action have been dismissed without prejudice, and thus, "that complaint will be disregarded for this Reply."  (Doc. 9 at 3 n.2.)  Because Defendant appears to be abandoning its request for a stay pending the outcome of the *Diaz* Class Action, the Court assesses whether a stay is warranted based on the remaining three actions identified by Defendant.

## II.    REQUEST FOR JUDICIAL NOTICE

Defendant requests that the Court take judicial notice of several documents publicly filed in the prior cases in California state court and federal court.  (Doc. 7-3.)  Defendant also requests judicial notice of an order granting the plaintiff's motion for final approval of a class action

---

[1] Defendant filed a notice of related cases as to these four cases after removing the instant matter to federal court. (*See* Doc. 4.)

2

settlement in an additional related matter with the same Defendant in the Central District of California. (*Id.*) Plaintiff does not oppose Defendant's request for judicial notice. (*See* Doc 8.)

The Court may take judicial notice of "undisputed matters of public record, including documents on file in federal or state courts." *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (internal citation omitted); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") Because these court filings are undisputed matters of public record, the Court GRANTS Defendant's request for judicial notice.

### III. MOTION TO STAY

#### A. Legal Standard

"The first-to-file rule allows a district court to stay proceedings if a similar case with substantially similar issues and parties was previously filed in another district court." *Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc*., 787 F.3d 1237, 1239 (9th Cir. 2015). This rule "is intended to 'serve[ ] the purpose of promoting efficiency well and should not be disregarded lightly.'" *Kohn Law Grp., Inc.,* 787 F.3d at 1239–40 (citations omitted). "When applying the first-to-file rule, courts should be driven to maximize 'economy, consistency, and comity.'" *Id*. at 1240. Specifically, the rule "should be followed by the district court unless there is a 'rare or extraordinary circumstance [ ], inequitable conduct, bad faith, or forum shopping.'" *Bowles v. Leprino Foods Co*., No. 1:19-cv-00635-AWI-BAM, 2020 WL 3256845, at *2 (E.D. Cal. June 16, 2020) (citations omitted).

The Court analyzes three factors to determine whether the first-to-file rule applies: "chronology of the lawsuits, similarity of the parties, and similarity of the issues." *Kohn Law Grp., Inc.,* 787 F.3d at 1240. "The most basic aspect of the first-to-file rule is that it is discretionary." *Alltrade, Inc. v. Uniweld Prod., Inc*., 946 F.2d 662, 628 (9th Cir. 1991).

The Court analyzes the three factors below, and finds that a stay of the proceedings in this case is warranted.

///

3

**B.     Analysis**

    **a.  Chronology**

Plaintiff does not dispute that the three related cases were filed *before* this case. (*See* Doc. 8.) This factor militates in favor of staying the matter. *See Kohn Law Grp., Inc.,* 787 F.3d at 1240 ("Because the parties do not dispute that the [related] action was filed first, we assume this requirement is met.").

    **b.  Similarity of the Parties**

"Regarding similarity of the parties, courts have held that the first-to-file rule does not require exact identity of the parties." *Kohn Law Grp., Inc.,* 787 F.3d at 1240. "Rather, the first-to-file rule requires only substantial similarity of the parties." *Id*. "The rule is satisfied if some of the parties in one matter are also in the other matter, regardless of whether there are additional unmatched parties in one or both matters." *Intersearch Worldwide, Ltd. V. Intersearch Grp., Inc*., 544 F. Supp. 2d 949, 959 n.6 (N.D. Cal. 2008) (citations omitted).

"In class action cases, district courts have required that the classes 'represent at least some of the same individuals.'" *Tappin v. TForce Freight, Inc*., No. 2:22-cv-00322-KJM-DB, 2022 WL 3567126, at *2 (E.D. Cal. Aug. 18, 2022) (quoting *Adoma v. Univ. of Phoenix, Inc*., 711 F. Supp. 2d 1142, 1148 (E.D. Cal. 2010)). "In a class action, the classes, and not the class representatives, are compared." *Tappin*, 2022 WL 3567126, at *2; *see, e.g*., *Bolden v. Barilla America*, No. CV 19-472 PSG (SKx), 2019 WL 1883909, at *2 (C.D. Cal. Mar. 28, 2019) (deeming as an "outlier" a district court case holding that the first-to-file rule was inapplicable because both class actions involved different named plaintiffs).

Here, the parties agree that all three prior cases involve the same sole defendant. Plaintiff also does not dispute that the *McElroy* Class Action and the instant matter contain nearly identical proposed classes—all current or former non-exempt employees of Defendant (*see* Doc. 7-1 at 5–6). *See, e.g., Arellano v. Ulta Salon, Cosm. and Fragrance, Inc*., No. EDCV 22-00639 JGB (KKx), 2022 WL 17128542, at *2 (C.D. Cal. July 15, 2022) (finding the parties were substantially similar where all of the related actions involved the same sole defendant, the same proposed class, and the plaintiff did not dispute that the parties were substantially similar). Accordingly, this factor weighs

in favor of staying the matter pending the outcome of the *McElroy* Class Action.

The parties, however, dispute the similarities of the parties as to the two prior cases brought under the California Labor Code Private Attorneys General Act (PAGA), the *Diaz* PAGA Action and the *McElroy* PAGA Action (the "PAGA Actions"), in comparison to this case. Defendant contends that the PAGA Actions define "Aggrieved Employees" as Defendant's non-exempt, hourly employees, and thus, the scope of the PAGA Actions is defined in the same manner as the proposed class in this case. (Doc. 7-1 at 6.) Citing *Baumann v. Chase Inv. Serv. Corp.*, 747 F.3d 1117, 1123 (9th Cir 2014), Plaintiff contends there are fundamental differences between representative PAGA actions and class actions under Federal Rule of Civil Procedure 23, in that a representative PAGA plaintiff need not meet all the requirements for class action plaintiffs. (Doc. 8 at 3–4.) Plaintiff further contends that while there is a requirement that a plaintiff personally suffer the alleged Labor Code violations to have standing as a named PAGA plaintiff, once so positioned, the named plaintiff stands as a proxy for state labor law enforcement agencies. (*Id*. at 4.) Defendant replies that PAGA suits are not exempt from the first-to-file rule because PAGA actions are different from class actions only in procedural ways, and there is sufficient overlap with this case such that a stay is justified. (Doc. 9 at 5–6.)

Defendant, however, fails to provide any binding authority in support of its argument that the scope of the PAGA Actions is sufficiently similar to the proposed class in this Rule 23 class action. To the contrary, in concluding that PAGA actions were not sufficiently similar to Rule 23 class actions to trigger CAFA jurisdiction, the Ninth Circuit in *Baumann* explained that there are a number of distinguishable features as to PAGA plaintiffs and class action plaintiffs. *Baumann*, 747 F.3d at 1122. For example, "PAGA plaintiffs are private attorneys general who, stepping into the shoes of the [California Labor and Workforce Development Agency], bring claims on behalf of the state agency." *Id*. at 1123. Unlike in class actions, "PAGA has no notice requirements for unnamed aggrieved employees, nor may such employees opt out of a PAGA action." *Id*. at 1122. In addition, "[i]n a PAGA action, the court does not inquire into the named plaintiff's and class counsel's ability to fairly and adequately represent unnamed employees—critical requirements in federal class actions," nor does PAGA contain requirements of numerosity, commonality, or typicality of the

proposed class. *Id*. at 1122–23.  In the absence of binding authority compelling a contrary finding, the Court is not persuaded that there is substantial similarity between the parties in the PAGA Actions and the instant matter such that a stay pending the outcome of the PAGA Actions is warranted.

Moreover, the Ninth Circuit has explained that the first-to-file rule is "a generally recognized doctrine of *federal comity*," *Pacesetter Sys., Inc. v. Medtronic, Inc*., 678 F.2d 93, 94 (9th Cir. 1982) (emphasis added), which "allows a district court to stay proceedings if a similar case with substantially similar issues and parties was previously filed *in another district court*," *Kohn Law Grp., Inc.,* 787 F.3d at 1239 (emphasis added).  "Defendant has not cited, and the Court has not found, any binding authority contravening the notion that the first-to-file rule serves principles of federal comity and therefore does not extend to state court proceedings." *Maharaj v. Charter Commc'n, Inc*., No. 20-cv-00064-BAS-LL, 2021 WL 689915, at *5 (S.D. Cal. Feb. 23, 2021).  Thus, this factor weighs against staying the matter as to the PAGA Actions.

### c. Similarity of the Issues

Likewise, the issues in this case and the prior three cases "need not be identical, only substantially similar," determined primarily by whether there is "substantial overlap" between the suits.  *Kohn Law Grp., Inc.,* 787 F.3d at 1240–41 (citations omitted).  "Put differently, if the question to resolve in the second matter is at the 'heart' of the first matter then the rule applies; but if 'the two actions are distinct' the rule does not apply and the subsequent suit may proceed." *Tappin*, 2022 WL 3567126, at *3 (quoting *Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997)).  "Whether issues are similar enough is a fact-specific determination, to which shared defenses and legal questions are relevant."  *Tappin*, 2022 WL 3567126, at *3 (citations omitted).  "If both actions rely on 'common factual issues,' this factor can be satisfied despite having distinct parties, governing laws and claimed damages."  *Tappin*, 2022 WL 3567126, at *3 (quoting *Adoma*, 711 F. Supp. 2d at 1149).

Here, the *McElroy* Class Action and the instant suit involve substantially similar issues.  The two class actions assert identical violations of California's unfair competition law, invoking California Business and Professions Code section 17200, along with at least four of the same

violations of California's Labor Code.  (*See* Doc. 7-1 at 7, 9; *compare* Doc. 1-1 at 3–33 (complaint in this case) *with* Doc. 7-3 at 52–69 (complaint in the *McElroy* Class Action).)  This is sufficient. *See, e.g., Tappin*, 2022 WL 3567126, at *3 (finding both suits involved overlapping or identical claims, as well as the same or similar legal standards, questions, facts, discovery, and defenses, where both actions asserted identical violations of California's unfair competition law and at least five of the same California Labor Code violations); *Arellano*, 2022 WL 17128542, at *2 (finding the prior cases had similar facts and issues where they all concerned employment disputes involving wage-and-hour claims and all similarly alleged that the Defendant violated the California Labor Code based on an unlawful policy or practice).

Plaintiff contends the *McElroy* Class Action "only minimally overlaps" with the instant action because this case contains two additional claims not raised in the *McElroy* Class Action and both suits differ factually.  (Doc. 8 at 4.)  However, "[t]he fact that this action brings additional claims does not preclude applying the first-to-file rule."  *Arellano*, 2022 WL 17128542, at *2. "[T]he test is 'substantial similarity,' not exact replication."  *Tappin*, 2022 WL 3567126, at *3 (citing *Kohn Law Grp., Inc.,* 787 F.3d at 1240; *Adoma*, 711 F. Supp. 2d at 1149) (rejecting plaintiff's argument that there were "nuanced differences" between the two actions, "most notably the specific alleged violations giving rise to the overlapping claims," and finding that the complaints shared "common factual issues").  Therefore, this factor is satisfied as to the *McElroy* Class Action.

As with the second factor, Defendant fails to provide any binding authority to support its argument that the issues raised in the PAGA Actions and the instant action are substantially similar. To the contrary, the Ninth Circuit in *Baumann* explained that "a PAGA suit is fundamentally different than a class action," and "Rule 23 and PAGA are more dissimilar than alike."  *Baumann*, 747 F.3d at 1123–24.  Specifically, "[a] PAGA action is at heart a civil enforcement action filed on behalf of and for the benefit of the state, not a claim for class relief."  *Id*. at 1124.  Because the question to resolve in the instant class action is not at the "heart" of the PAGA Actions, *Tappin*, 2022 WL 3567126, at *3, and in light of the principles of federal comity underpinning the first-to-file rule, *Maharaj*, 2021 WL 689915, at *5, the Court finds that the third factor weighs against

staying the matter as to the PAGA Actions.

In sum, upon consideration of the above factors, the Court finds that this case should be stayed under the first-to-file rule pending the outcome of the *McElroy* Class Action. Accordingly, Defendant's motion to stay is GRANTED as to the *McElroy* Class Action. Because the balance of the factors weigh against staying the case pending resolution of the PAGA Actions, the Court DENIES Defendant's motion to stay as to the PAGA Actions.

## IV.    CONCLUSION

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendant's motion for a stay of proceedings (Doc. 7) is GRANTED IN PART;
2. All proceedings in this case are STAYED pending the outcome of the *McElroy* Class Action;
3. The parties SHALL file a joint report every sixty (60) days as to the status of the case and the status of the *McElroy* Class Action, or fourteen (14) days after resolution of the *McElroy* Class Action, whichever is sooner; and
4. The initial scheduling conference set for December 21, 2023, at 9:30 AM is hereby VACATED, to be RESET following resolution of the *McElroy* Class Action.

IT IS SO ORDERED.

Dated:   **September 28, 2023**             /s/ *Sheila K. Oberto*
                                           UNITED STATES MAGISTRATE JUDGE